

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

Scott A. Keller  
Solicitor General

(512) 936-1700  
scott.keller@oag.texas.gov

August 21, 2017

**VIA CM/ECF**

Mr. Lyle W. Cayce, Clerk  
U.S. Court of Appeals for the Fifth Circuit  
600 S. Maestri Place  
New Orleans, LA 70130-3408

  Re: No. 17-50282; *Planned Parenthood of Greater Texas Family Planning & Preventative Health Servs., Inc., et al., v. Smith, et al.*

Dear Mr. Cayce:

  Pursuant to the Court's directive on August 16, 2017, Defendants-Appellants submit the following letter addressing Defendants-Appellants' motion to maintain the Appellants' Brief under seal.

  Defendants-Appellants filed the Appellants' Brief under seal out of an abundance of caution because the brief references and quotes from materials in the sealed district court record. But as Defendants-Appellants have already argued in their separate Motion to Unseal[1] filed on August 14, 2017, there is no need for these materials to remain under seal. Accordingly, if the Court agrees, there is also no need for the Appellants' Brief to remain under seal. Regardless, even if some of the material in the record currently under seal will be kept under seal, none of the material in Appellants' Brief reveals any information pertaining to Plaintiffs' alleged confidentiality concerns that is not already in the publicly available record.

  As Defendants-Appellants have argued in their Motion to Unseal, and as this Court stated in its directive, there is a "strong presumption" of access to judicial

---

[1] This motion and the supporting exhibits were also filed under seal for the same reason as the Appellants' Brief.

Post Office Box 12548, Austin, Texas 78711-2548 • (512) 936-1700 • www.texasattorneygeneral.gov

records. The district court failed to take that into account when it sealed the exhibits.

Out of an abundance of caution during a period of intensive preparation for the preliminary-injunction hearing in the district court, Defendants initially designated a few of their exhibits as confidential pursuant to a protective order and filed them along with a motion to seal. *See* ROA.3953. The reason for sealing given in the motion was solely due to the protective order. ROA.3953. These exhibits are DX-2, DX-68, DX-70, DX-72, DX-73, DX-74, DX-75, DX-76, DX-77, DX-78, DX-79, DX-80, DX-80(a), and DX-81. Upon further review, Defendants determined that the exhibits should be de-designated as non-confidential, and Defendants informed Plaintiffs' counsel that they were being de-designated. ROA.3953, 3960 n.2. Plaintiffs never objected to this de-designation.

Despite the de-designation, Defendants inadvertently did not withdraw their motion to seal, so it technically remained pending before the district court—even though the motion was moot in light of the de-designation of the exhibits. Defendants' failure to withdraw the motion was due to the flurry of preparation for the preliminary-injunction hearing (for example, Defendants received almost 4,000 pages of Plaintiffs' potential exhibits the night after the motion to seal was filed—three days before the hearing). But the parties approached the preliminary-injunction hearing with the shared understanding that the exhibits were not confidential—as many exhibits were used in open court without any objections.

The district court granted Defendants' inadvertently pending moot motion to seal the exhibits one month after the conclusion of the hearing in a footnote in its preliminary-injunction order. ROA.3777 n.1. The court gave no reasons for sealing these exhibits. ROA.3777 n.1. When the Defendants asked the district court to unseal the exhibits, the court refused because it saw "no legal reason" to do so. ROA.4026-27.

The Court's August 16 directive states that it is not enough that the "the district court sealed the matter, as the circumstances that justified sealing in the district court may have changed or may not apply in an appellate proceeding." As Defendants-Appellants have argued in their Motion to Unseal, there is no justification for the district court's decision to seal the exhibits. Similarly, there is no justification for this Court to maintain the exhibits under seal. If the exhibits are

Letter to Mr. Cayce, Clerk
August 21, 2017
Page 3

unsealed as Defendants-Appellants have requested, there is no reason for the Appellants' Brief to remain under seal.

In all events, none of the material referenced in Appellants' Brief reveals any information pertaining to Plaintiffs' alleged confidentiality concerns that is not already in the publicly available record. Thus, regardless of whether some material will remain sealed, there is no basis for any portion of Appellants' Brief to remain under seal.

Sincerely,

/s/ Scott A. Keller
SCOTT A. KELLER
Solicitor General of Texas
*Counsel of Record for Appellants*

cc:   All counsel of record (via CM/ECF)