

**Public Policy
Litigation and Law**
www.plannedparenthood.org

Planned Parenthood
Federation of America

**Washington, DC Office**
1110 Vermont Ave., NW, Suite 300
Washington, DC 20005
p: 202.937.4800 • f: 202.296.3480

**Helene T. Krasnoff**
Senior Director
202.973.4890
helene.krasnoff@ppfa.org

**Carrie Y. Flaxman**
Deputy Director
202.973.4830
carrie.flaxman@ppfa.org

**Diana O. Salgado**
Senior Staff Attorney
212.261.4399
diana.salgado@ppfa.org

**Alice Clapman**
Staff Attorney
202.973.4862
alice.clapman@ppfa.org

**Lauren R. Robbins**
Policy Counsel
202.973.4923
lauren.robbins@ppfa.org

**Richard Muniz**
Associate Staff Attorney
202.973.4997
richard.muniz@ppfa.org

**New York, NY Office**
123 William Street
New York, NY 10038
p: 212.541.7800 • f: 212.247.6811

**Jennifer R. Sandman**
Deputy Director
212.261.4584
jennifer.sandman@ppfa.org

**Melissa A. Cohen**
Staff Attorney
212.261.4649
melissa.cohen@ppfa.org

**Jennifer Keighley**
Staff Attorney
212.261.4749
jennifer.keighley@ppfa.org

**Mai Ratakonda**
Staff Attorney
212.261.4405
mai.ratakonda@ppfa.org

**Bethany Sousa**
Senior Policy Counsel
212.261.4572
bethany.sousa@ppfa.org

**Jessica Hunter**
Legal Fellow
212.261.4511
jessica.hunter@ppfa.org

August 21, 2017

Lyle W. Cayce
Clerk
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

    RE:    *Planned Parenthood Grt TX, et al. v. Charles Smith, et al.*
               No. 17-50282

Dear Mr. Cayce:

Pursuant to the Court's directive of August 16, 2017, Plaintiffs-Appellees ("Appellees") submit this letter explaining the legal justification for maintaining any portion of Defendants-Appellants' ("Appellants'") brief under seal. As is explained below, with the exception of requesting one small change to one of the redacted portions of the brief filed under seal, Appellees have no objection to Appellants filing their same brief not under seal.

More specifically, Appellants' brief contains 54 redactions; 46 of those redactions are only citations to the sealed record on appeal. These citations do not reveal confidential information and, therefore, need not be maintained under seal.

Six of the remaining eight redactions are Appellants' subjective characterizations of a speaker's tone or behavior, and although Appellees disagree with these characterizations, these redactions also do not reveal confidential information and need not be maintained under seal.

Footnote 2 is a physical description of exhibit DX-2. It does not reveal confidential information and does not need to be maintained under seal.

That leaves the final redaction. Namely, on page 16, Appellants have appropriately redacted the name of a physician employed by one of the Appellees. Br. at 16 ("Like Dr. [last name] said, you never intend to complete the procedure intact."). That name, however, does not appear at the transcript pages that Appellants cite. ROA.6150 ("Like (indiscernible) but you never intend to complete the procedure intact.").

Lyle W. Cayce
August 21, 2017
Page 2

Placing that physician's name in the public version of the brief would place the physician at greater risk of violence and harassment. Indeed, these videos have caused a serious increase in threats directed towards Appellees' physicians. *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-cv-00236-WHO, 2016 WL 5946858, at *2 (N.D. Cal. Sept. 30, 2016) ("As a result of defendants'. . . 'illegal recordings and the video smear campaign,' [defendants have] put the safety and security of Planned Parenthood's personnel and patients at serious risk, as 'witnessed most horrifically' in the shootings at a Planned Parenthood health center in Colorado Springs on November 27, 2015."); *see also Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, No. 15-CV-03522-WHO, 2016 WL 454082, at *11 (N.D. Cal. Feb. 5, 2016) ("Incidents of harassment and violence directed at abortion providers increased nine fold in July 2015, over similar incidents in June 2014. The incidents continued to sharply rise in August 2015. The FBI has also reported seeing an increase in attacks on reproductive health care facilities. Since July 2015, there have also been four incidents of arson at Planned Parenthood and NAF-member facilities." (citations omitted)), *aff'd*, No. 16-15360, 2017 WL 1164450 (9th Cir. Mar. 29, 2017).

Given their concern about this one redaction, on August 17, 2017, Appellees' counsel informed Appellants' counsel of this error and concern, and requested that it be corrected. Specifically, Appellees' counsel informed Appellants' counsel that if the brief either quoted the transcript or said "Like Dr. B said," all issues of confidentiality would be resolved and Appellants could file only one brief—not under seal—with all other redactions removed. Appellees' counsel declined this request, stating that because they "do not believe there is any legal justification for those materials to be sealed," they "cannot offer any sufficient legal justification to maintain any redactions in [their] brief, and therefore cannot agree to any." Email from Richard Muniz, Assoc. Staff Att'y, Planned Parenthood Fed. of Am., to and Heather Hacker, Assistant Solic. Gen., Office of Tex. Att'y Gen. (Aug. 21, 2017, 05:12 PM EST) (attached hereto as Exhibit A).

Therefore, Appellees respectfully request that this Court order that their one requested change be made. Specifically, that Appellants file only one brief not under seal, but that on page 16 of that brief, what is currently redacted should read "Like Dr. B said, you never intend to complete the procedure intact." All other redactions may be removed. This one change will allow the public to have access to all of the relevant substantive content of Appellants' brief while protecting the safety and security of that physician.

                                    Respectfully submitted,

                                    */s/* Jennifer Sandman
                                    Jennifer Sandman
                                    Counsel for Plaintiffs-Appellees

cc: All counsel of record (via CM/ECF)

# EXHIBIT A



Krasnoff, Helene <helene.krasnoff@ppfa.org>

## RE: PPGT v. Smith
1 message

**Hacker, Heather** <Heather.Hacker@oag.texas.gov>  Mon, Aug 21, 2017 at 5:12 PM
To: Richard Muniz <richard.muniz@ppfa.org>
Cc: Helene Krasnoff <helene.krasnoff@ppfa.org>, Jennifer Sandman <jennifer.sandman@ppfa.org>

Richard,

The Fifth Circuit has directed us to state with particularity the legal justifications for maintaining our brief under seal. Our only reason for filing it under seal was out of an abundance of caution since it refers to and quotes from materials sealed by the district court. Because we do not believe there is any legal justification for those materials to be sealed (as we explain in our motion to unseal), we cannot offer any sufficient legal justification to maintain any redactions in our brief, and therefore cannot agree to any.

For similar reasons, based on the court's recent directive, we do not believe that we can agree to redact things out of the public record. As we state in our motion to unseal, there is no legal justification for the materials at issue to be sealed.

A note of clarification: as a way to try to resolve the unsealing issue below, we did previously offer to redact the video in exchange for a stipulation as to authenticity, but we also made an offer to redact in person prior to the beginning of the motion to unseal hearing in the district court, directly to Mr. Watkins. Mr. Watkins stated that he could not agree to that. That is what we refer to in our motion.

Thanks,

Heather

**From:** Richard Muniz [mailto:richard.muniz@ppfa.org]
**Sent:** Thursday, August 17, 2017 5:58 PM
**To:** Hacker, Heather <Heather.Hacker@oag.texas.gov>
**Cc:** Helene Krasnoff <helene.krasnoff@ppfa.org>; Jennifer Sandman <jennifer.sandman@ppfa.org>
**Subject:** Re: PPGT v. Smith

Hi, Heather --

I have now also reviewed your Motion to Unseal in the Fifth Circuit. As you know, Defendants had previously offered to create a redacted version of the video blurring the faces of non-PPGC staff on the condition that Plaintiffs stipulate to the video's authenticity. *See* ROA.3983 & n.3. Your motion, however, suggests the State had previously made an unconditional offer to create such a version, which is not the case. Nevertheless, if you produce a video that blurs the faces of non-PPGC staff such that they are unidentifiable, we will not oppose the request to file the redacted/blurred video while maintaining DX-2 under seal. I believe the relevant portions of the video which need to be blurred are at 7:30:58-7:38:03, 10:14:09-10:14:26, 12:59:22-12:59:36, 13:07:26-13:08:05, and 13:55:25-13:55:40.

In addition, I have reviewed your Exhibit C. If your clients are willing to redact the names (but not titles or organizations) in footnotes 16 and 21 -- aside from Roger Evans and Deborah Nucatola -- of the referral letter, Plaintiffs will withdraw our objections as to these documents and agree to your redactions in Exhibit C. These individuals (other than the two named above) are not publicly associated with fetal tissue, and as you know, even the SIP redacted their names in the publicly available version of these documents. *See* https://energycommerce.house.gov/sites/republicans.energycommerce.house.gov/files/documents/Chapter_VI_Exhibits.pdf, at Exs. 6.60 & 6.61.

I believe that only leaves DX-81. We continue to believe that document is not relevant to this case, and the only arguably relevant portion -- the last sentence of 3.17 -- can be quoted freely, but if that is the only document left in dispute, perhaps we can come up with a version that is more redacted than what you have proposed but on which we can agree.

Please advise of your clients' position on these matters as soon as possible, since our responsive brief is due next week. Thanks.

Best,
Richard

On Thu, Aug 17, 2017 at 2:27 PM Muniz, Richard <richard.muniz@ppfa.org> wrote:

> Hi, Heather --
>
> I have reviewed the redactions in your brief, and Plaintiffs have an issue with only one being unredacted. Specifically, on page 16, the brief quotes Tram as saying "*Like Dr. [last name] said*, you never intend to complete the procedure intact." However, the transcript at ROA.6150 says: "Like (indiscernible) but you never intend to complete the procedure intact." In addition to having concerns about publicizing our physicians' names, we agree it is indiscernible what is said.
>
> Would you consider having your brief either quote the transcript or simply saying: "Like Dr. B said, . . . ."? If you would make either of those changes, we have no objection to removing all the other redactions.
>
> I wanted to raise one other issue with you about your brief, especially if you will be filing a new version. That is that the brief uses Tram's last name throughout, despite the State's agreement at trial to use only her first name or title (ASC Director). Therefore, we request that if you are filing a new version of the brief, her last name be removed in accordance with that agreement.
>
> Thanks, and please let me know as soon as you can if your clients will agree since our letter briefs are due on Monday.
>
> Best,
> Richard
>
> --
> **Richard Muniz**
> Associate Staff Attorney, Public Policy Litigation & Law

Planned Parenthood Federation of America
202.973.4997

*This e-mail is for the sole use of the intended recipients and contains information belonging to PPFA, which is confidential and/or legally privileged. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or taking of any action in reliance on the contents of this e-mail information is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by reply e-mail and destroy all copies of the original message.*

--

**Richard Muniz**
Associate Staff Attorney, Public Policy Litigation & Law
Planned Parenthood Federation of America
202.973.4997

*This e-mail is for the sole use of the intended recipients and contains information belonging to PPFA, which is confidential and/or legally privileged. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or taking of any action in reliance on the contents of this e-mail information is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by reply e-mail and destroy all copies of the original message.*